UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*************************************************
MARIA DOE,
    Plaintiff

v.

GREATER NEW BEDFORD REGIONAL
VOCATIONAL TECHNICAL HIGH SCHOOL
DISTRICT, JAMES L. O'BRIEN, WARLEY
WILLIAMS, JOSE BOTELHO, BRITTANY
FERNANDEZ, LEANNE FISHER, JENNIFER
GASPAR, and MICHAEL MOE Nos. 1-5,
    Defendants
*************************************************

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This action against GREATER NEW BEDFORD REGIONAL VOCATIONAL TECHNICAL HIGH SCHOOL DISTRICT, JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, JENNIFER GASPAR, and MICHAEL MOE Nos. 1-5, arises out of incidents in which the plaintiff, while attending Greater New Bedford Regional Vocational Technical High School, was continually sexually harassed by fellow students in that school, and the employees of the District knew of the harassment, but failed to protect her, pursuant to their obligations under Title IX, 20 U.S.C. § 1681. Said defendants failed to perform their public duties because of a conspiracy to protect another male student at the Regional High School, whose illegal and criminal acts were the precipitating events leading to the harassment of the plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this civil

1

      action arises under the Constitution and laws of the United States of America.

3. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred within this District.

## PARTIES

4. Plaintiff MARIA DOE ("MARIA") is an individual residing in Fall River, Bristol County, Massachusetts.

5. Defendant GREATER NEW BEDFORD REGIONAL VOCATIONAL TECHNICAL HIGH SCHOOL DISTRICT ("GNB-SD") is a body politic and corporate, duly organized pursuant to Chapter 428 of the 1971 Acts of the Commonwealth of Massachusetts, and located at 1121 Ashley Boulevard, New Bedford, Bristol County, Massachusetts. At all relevant times GNB-SD owned, operated, maintained, managed, supervised, and controlled Greater New Bedford Regional Vocational Technical High School (the "Regional High School").

6. Defendant JAMES L. O'BRIEN ("O'BRIEN") is an individual with an usual place of business at 1121 Ashley Boulevard, New Bedford, Bristol County, Massachusetts. At all relevant times he was the Superintendent of the Regional High School.

7. Defendant WARLEY WILLIAMS ("WILLIAMS") is an individual with an usual place of business at 1121 Ashley Boulevard, New Bedford, Bristol County, Massachusetts. At all relevant times he was the Assistant Principal of the Regional High School.

8. Defendant JOSE BOTELHO ("BOTELHO") is an individual with an usual place of business at 1121 Ashley Boulevard, New Bedford, Bristol County, Massachusetts. At all relevant times he was a Guidance Counselor at the Regional High School.

9. Defendant BRITTANY FERNANDEZ ("FERNANDEZ") is an individual with an usual

place of business at 1121 Ashley Boulevard, New Bedford, Bristol County, Massachusetts. At all relevant times she was a Security Officer at the Regional High School.

10. Defendant LEANNE FISHER ("FISHER") is an individual with an usual place of business at 1121 Ashley Boulevard, New Bedford, Bristol County, Massachusetts. At all relevant times she was a School Resource Officer at the Regional High School.

11. Defendant JENNIFER GASPAR ("GASPAR") is an individual with an usual place of business at 1121 Ashley Boulevard, New Bedford, Bristol County, Massachusetts. At all relevant times she was a teacher at the Regional High School.

12. Defendants MICHAEL MOE Nos. 1-5 are individuals employed at the Regional High School, whose true names and addresses are presently unknown to the plaintiff, who were involved in the conspiracy described below.

## FACTS COMMON TO ALL CLAIMS

13. At all times relevant to this action, defendant GNB-SD was responsible for the administration of the Regional High School.

14. The powers, duties and liabilities of defendant GNB-SD are vested in and exercised by the Greater New Bedford Regional Vocational Technical Regional High School Committee (the "Committee").

15. At all times relevant to this action, defendant GNB-SD, acting through the Committee, employed all school administrators, staff, principals, faculty, counselors, and security/school resource officers at the Regional High School.

16. At all relevant times and in the actions described in this Complaint, all Regional High School employees were acting under the color of law, under the color of their

authority as employees of defendant GNB-SD, and within the scope of their employment with defendant GNB-SD.

17. At all times relevant to this action, MARIA was a student in the Regional High School.

18. At all times relevant to this action, all students at the Regional High School were under the supervision, and the disciplinary authority, of defendant GNB-SD.

19. In March 2016, MARIA was a 17-year-old student attending the Regional High School.

20. In 2014, when she was 15 years old, MARIA took nude pictures and a video of herself ("the "Pictures"), using her cell phone.

21. MARIA provided the Pictures only to her then-boyfriend, C.P. Both she and C.P. regarded the Pictures as entirely private and personal, and did not share them, or disseminate them, to anyone else.

22. Sometime in March, 2016, MARIA's classmate, R.B., without her permission or knowledge, during a shop class at the Regional High School, stole the Pictures from her, by plugging a thumb drive into her school computer where her phone was recharging, while she was in a bathroom.

23. At that time, MARIA was not aware of what R.B. had done.

24. During March, 2016, MARIA began to hear rumors at the Regional High School that the Pictures were being circulated on the internet. Initially, she disbelieved this information, because she was absolutely sure neither she, nor C.P., had put the Pictures on the internet, or otherwise disseminated them to anyone, and her cell phone was password protected, which made all information on it inaccessible.

25. When her classmates started telling her they had seen the Pictures, she began

asking questions, and a boy in her class told her that R.B. had taken the pictures off her phone, using the school's computer.

26. On April 6, 2016, MARIA made a written complaint to the Regional High School, a redacted copy of which is attached, marked "A."

27. Notwithstanding her complaint, for the next several months, MARIA was subjected to severe and pervasive harassment relating to the Pictures, which substantially interfered with her education, and caused her great emotional distress.

28. MARIA was unable to attend many days of classes because of the relentless taunting and bullying by other students, relating to the Pictures.

29. MARIA was unable to attend her school prom.

30. MARIA had been active in school clubs, but had to withdraw from all forms of social contact.

31. MARIA hid during lunch breaks to avoid the continuous sexual harassment.

32. MARIA reported her harassment to defendants JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR (the ADMINISTRATIVE DEFENDANTS"), in each of their respective roles as an administrator, teacher, counselor or security/school resource officer, that R.B. had stolen, and disseminated, the Pictures.

33. MARIA told the ADMINISTRATIVE DEFENDANTS that the Pictures were taken when she was 15 years old, and showed her in a state of nudity.

34. The ADMINISTRATIVE DEFENDANTS knew, or should have known, that R.B. committed the crime of larceny when he stole the Pictures from MARIA.

35. The ADMINISTRATIVE DEFENDANTS knew, or should have known, that

dissemination of any visual material which contains a representation or reproduction of any posture or exhibition in a state of nudity involving a child who is under eighteen years of age, constitutes the crime of child pornography.

36. None of the ADMINISTRATIVE DEFENDANTS ever told MARIA that R.B. had committed serious crimes against her, including larceny, and the dissemination of child pornography.

37. None of the ADMINISTRATIVE DEFENDANTS ever assisted, or offered to assist, MARIA in filing criminal charges against R.B., for violations of G.L. c. 266, § 30, and/or c. 272 §§ 28, 29, 29A, 29B, and 29C.

38. None of the ADMINISTRATIVE DEFENDANTS ever took any action to charge, or seek any law enforcement to file criminal charges against, R.B., for violations of G.L. c. 266, § 30, and/or c. 272 §§ 28, 29, 29A, 29B, and 29C.

39. None of the ADMINISTRATIVE DEFENDANTS ever told MARIA that injunctive relief was available, through the Bristol County District Attorney's Office, or the Massachusetts Attorney General, to enjoin dissemination of visual material of a child in a state of nudity, pursuant to G.L. c. 272, §§ 30 and 30D.

40. None of the ADMINISTRATIVE DEFENDANTS ever reported this matter to the Bristol County District Attorney's Office or the Massachusetts Attorney General.

41. At that time, MARIA did not know that R.B.'s father was a New Bedford Police officer, who was at that time known to defendants BRITTANY FERNANDEZ and LEANNE FISHER, or that the other ADMINISTRATIVE DEFENDANTS also learned about that relationship.

42. None of the ADMINISTRATIVE DEFENDANTS ever told MARIA about her rights

under Title IX to be free from sexual harassment from other students, and the duty of the ADMINISTRATIVE DEFENDANTS to protect her, and to make whatever accommodations might be necessary to assure her right to an uninterrupted education.

43. Instead of informing MARIA of her rights, the ADMINISTRATIVE DEFENDANTS forced her to sit, alone, in what they called a "mediation session" with R.B., and also forced her to accept his "apology" for the theft, and the dissemination, of the Pictures.

44. One of the means by which the ADMINISTRATIVE DEFENDANTS forced MARIA to take part in their sham mediation process was by threatening her with suspension and/or expulsion, and she was, in fact suspended for one day, even though she had not committed any offense.

45. The only punishment which R.B. received was a one week suspension from classes, which entirely failed to deter him from continuing to sexually harass MARIA, both directly, and through his surrogate schoolmates.

46. The ADMINISTRATIVE DEFENDANTS took no other action against R.B. because his father was a New Bedford police officer.

47. The ADMINISTRATIVE DEFENDANTS told MARIA the matter was "closed," and that she was unable to take additional action against R.B.

48. The ADMINISTRATIVE DEFENDANTS failed to take action against R.B. pursuant to G.L. c. 71 § 37H ½ or §37H ¾, which permits a principal to suspend a student who has committed a felony.

49. MARIA was a victim of sexual harassment because of her gender.

50. Defendant GNB-SD, through its employees, tolerated, and indeed promoted by the

affirmative acts of the ADMINISTRATIVE DEFENDANTS, an atmosphere of fear and harassment in the Regional High School.

51. Had defendant GNB-SD properly supervised, disciplined, or dismissed the ADMINISTRATIVE DEFENDANTS, and taken measures to discipline or cease the sexual harassment of MARIA, she would not have endured relentless harassment by fellow students at the Regional High School.

52. MARIA was subjected to continued harassment because GNB-SD's employees, the ADMINISTRATIVE DEFENDANTS, failed to act in response to the sexual harassment that MARIA was subjected to at the Regional High School.

53. After the ADMINISTRATIVE DEFENDANTS knew of the sexual harassment, and failed to act under the harassment and anti-discrimination policy in place, when they should have, MARIA was subjected to more continuous and unabated harassment, such that her conditions worsened.

54. In May, 2017, MARIA learned the Pictures were still being circulated on the internet, along with pictures of other young girls who attended the Regional High School, and she spoke with defendant LEANNE FISHER, who told her she couldn't help MARIA.

55. Plaintiff is informed and believes the Pictures are still being circulated on the internet.

56. As a result of the unchecked sexual harassment of MARIA by the students at the Regional High School, and the deliberate indifference of the ADMINISTRATIVE DEFENDANTS, employees of defendant GNB-SD, the plaintiff was denied equal protection under the law.

57. The ADMINISTRATIVE DEFENDANTS each took part in concerted action, and a conspiracy, to deny MARIA her rights of privacy, her right to seek a criminal

prosecution, and her right to receive a public education, in order to protect R.B. from criminal prosecution and/or because his father was a police officer.

58. Each of the ADMINISTRATIVE DEFENDANTS either personally told MARIA that she could not take any action against R.B., or they were aware MARIA had been told she could not take any action against R.B., and they each knew and understood the reason why MARIA was prevented from taking any action, as was her right, was to protect R.B., because his father was a police officer.

59. None of the ADMINISTRATIVE DEFENDANTS ever took any steps to correct the statements, which were false, and they knew were false, that MARIA had no right to take action against R.B.

60. These affirmative acts and omissions by the ADMINISTRATIVE DEFENDANTS, employees of defendant GNB-SD, pursuant to the policies, practices, and customs, which were well known and widely practiced, constitute acts under the color of law, within the meaning of 42 U.S.C. § 1983, which have deprived plaintiff of her statutory and constitutional rights and privileges including, without limitation, her rights under G.L. c. 69 § 1 to an education which "provides the conditions of all pupils to engage fully in learning . . . without threats to their sense of security or self-esteem."

61. Defendant GNB-SD receives federal funds through a variety of educational programs. As a result, even if it were not obliged to do so under state law, defendant GNB-SD was required to adopt and implement sexual harassment policies under Title IX, 20 U.S.C. § 1681.

62. Defendant GNB-SD knew or should have known that its employees were involved in the formulation of policies, and activities, which illegally abridged the rights and

privileges of the students at the Regional High School.

63. The existence of the policies described above has been known to supervisory and policy-making officials and officials of the GNB-SD for a long time.

64. Despite their knowledge of these policies, the ADMINISTRATIVE DEFENDANTS, and the GNB-SD did not attempt to curtail this behavior, but rather condoned it by refusing to correct, discipline, or prevent the enforcement of such policies.

65. Defendant GNB-SD failed to take appropriate actions to protect MARIA from sexual harassment at the Regional High School, after having actual notice of the sexual harassment, all in violation of Title IX and in violation of rights guaranteed by the United States and Massachusetts constitutions, laws, and regulations.

66. MARIA has lost the ability to form meaningful relationships with others; has developed anxiety and depressive disorders; has been suicidal; and has been unable to continue her post-high school education; all because of the continuing sexual harassment to which she was subjected at the Regional High School.

## CLAIM 1

67. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

68. Defendant GNB-SD is a public employer within the definition set forth in G.L. c. 258, § 1.

69. Defendant GNB-SD, as a public employer, is responsible for the negligent acts and omissions of public employees, which are committed or omitted by them while acting within the scope of their employment.

70. Defendants JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY

FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR, at all relevant times, were public employees.

71. Defendants JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR, at all relevant times, were acting within the scope of their employment.

72. Defendants JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR all demonstrated deliberate indifference to the harassment MARIA was experiencing.

73. Defendants JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR all engaged in affirmative negligent acts which injured MARIA, including, but not limited to, requiring her to engage in a compulsory mediation process with R.B., and preventing her from pursuing her constitutionally guaranteed legal remedies.

74. As a result of these negligent acts, MARIA was seriously injured.

75. As a result of the negligence of defendant GNB-SD, plaintiff is entitled to recover damages, for the injuries sustained by her, in an amount to be determined by a jury.

76. Presentment of this claim is not required pursuant to Massachusetts General Laws, Chapter 258 §4, as amended by Chapter 145 of the Acts of 2014, section 1, because it is a civil action against a public employer which relates to the sexual abuse of a minor, as provided in §4C of Chapter 260, and is governed by § 4C½ of said Chapter 260.

**CLAIM 2**

77. Plaintiff realleges and incorporates herein the allegations contained in each and every

other paragraph of this Complaint.

78. Defendant GNB-SD acted by and through its agents.

79. Defendant GNB-SD violated the plaintiff's rights as a resident of the United States pursuant to 42 U.S.C. §1983 and §1988.

80. Defendant GNB-SD had a duty to exercise reasonable care in the selection and retention of employees and to provide and ensure an educational environment for MARIA that was free from sexual harassment, and to enforce the regulations, rules, and laws necessary to protect her, and other students, from acts of sexual harassment and abuse.

81. Defendant GNB-SD failed to properly train and supervise employees and/or discipline them in order to avoid inadequate supervision of students.

82. Defendant GNB-SD failed to create a plan which would ensure students who were sexually harassed would receive appropriate treatment.

83. By these failures, defendant GNB-SD adopted, approved, and/or enforced a policy, practice, and custom tolerating the violation of constitutional rights.

84. The affirmative acts of the defendant GNB-SD, including, but not limited to, its implementation of customs, practices and/or policies that resulted in a failure to properly train and supervise its employees regarding required procedures for investigating and responding to reports of abuse, were the moving force and/or direct causal link to the sexual harassment suffered by MARIA and were so extreme and egregious as to shock the conscience.

85. Defendant GNB-SD intentionally, willfully, and without justification deprived MARIA of her rights, privileges, and immunities secured to her by the Constitution and the

laws of the United States, including but not limited to, her rights to due process and to be free from sexual harassment as provided by the Fourteenth Amendment of the Constitution, her rights of privacy, her rights to equal protection of the law, and her to be free from violations of bodily integrity as protected by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution, in violation of 42 U.S.C. §1983, as well as her rights under the laws and the Constitution of Massachusetts.

86. As a direct and proximate result of such deprivation, plaintiff MARIA DOE suffered and continues to suffer invasion of bodily integrity, physical injury, indignity, humiliation, severe emotional distress, and mental anguish.

### CLAIM 3

87. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

88. Defendant GNB-SD violated the plaintiff's rights as a resident of the United States under 20 U.S.C. §§1681-1686.

89. Defendant GNB-SD is an educational institution as defined by 20 U.S.C.A. § 1681(c), Title IX, Education Amendments of 1972 (hereinafter "Title IX") which receives federal financial assistance.

90. Defendant GNB-SD is a public entity and, through its public school system, maintains an educational institution, the Regional High School, which plaintiff believes and therefore avers, receives federal financial assistance.

91. At all relevant times, defendant GNB-SD, through its public school system, owned, operated, maintained, managed, supervised, and controlled, by and through its agents, servants, and employees, the Regional High School.

92. Defendant GNB-SD receives federal funds through a variety of educational programs. As a result, even if it were not obliged to do so under state law, defendant GNB-SD was required to adopt and implement sexual harassment policies under Title IX.

93. Plaintiff MARIA DOE was a student who was subjected to harassment based on her gender. This harassment was sufficiently severe and pervasive to create an abusive educational environment and persisted as a result of the deliberate indifference of Staff at every level of authority.

94. The sexual harassment and abuse endured by plaintiff MARIA DOE at the Regional High School, effectively denied plaintiff MARIA DOE equal access to educational resources, benefits, and opportunities.

95. Defendant GNB-SD's actions altered and worsened the condition of plaintiff MARIA DOE's educational environment.

## CLAIM 4

96. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

97. Defendants GNB-SD, JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR, all engaged in a conspiracy to deny plaintiff MARIA DOE the right to seek a criminal prosecution of R.B. because of his relationship to his father, a New Bedford police officer.

98. Defendants GNB-SD, JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR intentionally, willfully, and without justification deprived plaintiff MARIA DOE of her rights, privileges, and immunities secured to her by the Constitution and the laws of the

United States, including but not limited to, her rights of privacy, her rights to equal protection of the law, and her rights to due process as protected by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution, in violation of 42 U.S.C. §1983, as well as her rights under the laws and the Constitution of Massachusetts.

99. As a direct and proximate result of such deprivation, plaintiff MARIA DOE suffered and continues to suffer invasion of bodily integrity, physical injury, indignity, humiliation, severe emotional distress, and mental anguish.

### CLAIM 5

100. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

101. Defendants GNB-SD, JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR, all engaged in a common law conspiracy to deny plaintiff MARIA DOE the right to seek a criminal prosecution of R.B. because of his relationship to his father, a New Bedford police officer.

102. Defendants GNB-SD, JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR intentionally, willfully, and without justification deprived plaintiff MARIA DOE of her rights, privileges, and immunities secured to her by the Constitution and the laws of the United States, including but not limited to, her rights of privacy, her rights to equal protection of the law, and her rights to due process as protected by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution, in violation of her rights under the laws and the Constitution of Massachusetts.

## CLAIM 6

103. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

104. Defendants GNB-SD, JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR intended to inflict emotional distress, or knew, or should have known, that emotional distress was the likely result of their conduct, when they forced plaintiff MARIA DOE, a vulnerable student in their care, to engage in an unsupervised compulsory confrontation with R.B.

105. The conduct of defendants GNB-SD, JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

106. The conduct of defendants GNB-SD, JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR caused plaintiff MARIA DOE distress of a nature so severe that no reasonable person could be expected to endure it.

## CLAIM 7

107. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

108. Defendants JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR interfered with plaintiff MARIA DOE's rights under the constitution and laws of the United States, and under

the constitution and laws of the Commonwealth of Massachusetts by threats, intimidation and coercion.

109. The conduct of defendants JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR deprived plaintiff MARIA DOE of her constitutional rights to bodily integrity, and to be free from sexual harassment which constitutes discrimination, based upon her gender, under both Article 1 of the Declaration of Rights, and the equal protection clause of the Fourteenth Amendment to the United States Constitution.

110. The conduct of defendants JAMES L. O'BRIEN, WARLEY WILLIAMS, JOSE BOTELHO, BRITTANY FERNANDEZ, LEANNE FISHER, and JENNIFER GASPAR deprived plaintiff MARIA DOE of her constitutional rights to seek legal remedies through the criminal courts of the Commonwealth.

111. They are liable to the plaintiff in accordance with G.L. c. 12, §11H and I.

112. Plaintiff MARIA DOE suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

**RELIEF REQUESTED**

Wherefore, the plaintiff demands judgment against the defendants on each of the Claims, in an amount to be determined by a jury, as compensatory damages, and as punitive damages where appropriate, plus costs, interests, and attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS**.

By her Attorney,

*[signature]*

CARMEN L. DURSO, ESQUIRE
BBO # 139340
175 Federal Street, Suite 1425
Boston, MA 02110-2287
617-728-9123 / *carmen@dursolaw.com*
January 29, 2020