UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA DOE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:20-cv-10103-IT |
| | * |
| GREATER NEW BEDFORD REGIONAL | * |
| VOCATIONAL TECHNICAL HIGH | * |
| SCHOOL DISTRICT, | * |
| et al., | |
| | |
| Defendants. | |

MEMORANDUM & ORDER

June 21, 2022

TALWANI, D.J.

Plaintiff, proceeding as Maria Doe, brings claims under Title IX of the Civil Rights Act, 20 U.S.C. § 1681 ("Title IX"), the United States and Massachusetts Constitutions, 42 U.S.C. § 1983, and Massachusetts tort law, against Defendant Greater New Bedford Regional Vocational Technical High School District ("Greater New Bedford"), and individuals affiliated with Greater New Bedford. Pending before the court is Doe's Motion to Compel [Doc. No. 44] the further deposition of a third party, identified as Doe's former classmate R.B., who has invoked rights under the Fifth Amendment to the United States Constitution. For the reasons that follow, Doe's motion is DENIED.

I.   **Background**[1]

When Doe was fourteen or fifteen years old, she took nude photographs and video of herself. Compl. at ¶ 20 [Doc. No. 1]. Doe alleges that in March 2016, when she was seventeen

---

[1] The court recounts the facts as alleged in the Complaint [Doc. No. 1].

years old and a student at Greater New Bedford Regional Technical High School[2] ("Regional High School"), her classmate, R.B., obtained the nude photos and videos of Doe without her knowledge or consent by plugging a thumb drive into the school computer where Doe was charging her phone. Id. at ¶ 22. Soon thereafter, Doe learned that her nude photos and video were being circulated online and viewed by her classmates. Id. at ¶¶ 24–25. One classmate told Doe that R.B. used the school's computer to take the photos off her phone. Id. at ¶ 25.

On April 6, 2016, Doe filed a written complaint about the incident with Regional High School. Id. at ¶ 26. However, students continued to sexually harass and bully Doe as a result of R.B. making her private photos public. Id. at ¶¶ 27–30. Doe also reported the harassment to faculty and staff at Regional High School including Defendants James L. O'Brien, Warley Williams, Jose Botelho, Brittany Fernandez, Leanne Fisher, and Jennifer Gaspar (the "Administrative Defendants"). Id. at ¶ 32. Doe explained to the Administrative Defendants that R.B. had taken private photos off her phone without her knowledge and shared them online, without Doe's consent. Id. at ¶¶ 32–33. Doe alleges that the Administrative Defendants "knew, or should have known, that R.B. committed the crime of larceny when he stole the [p]ictures from [Doe]," id. at ¶ 34, and that "dissemination of any visual material which contains a representation or reproduction of any posture or exhibition in a state of nudity involving a child who is under eighteen years of age, constitutes the crime of child pornography," id. at ¶ 35.

The Administrative Defendants also did not inform Doe of her rights or advise her about legal avenues for relief, id. at ¶¶ 36–40, but did require Doe to attend a "mediation session with R.B." where R.B. apologized for the theft and dissemination of the photos, id. at ¶ 43. As

---

[2] At all times relevant in this action, Regional High School was administered by Defendant Greater New Bedford. Compl. ¶ 13 [Doc. No. 1].

punishment for his actions, Regional High School gave R.B. a one-week suspension. Id. at ¶ 45. After R.B.'s suspension, the Administrative Defendants told Doe the matter was closed and that no further action could be taken against R.B. Id. at ¶ 47. Doe contends Defendants declined to take further action against R.B. because R.B.'s father was a New Bedford police officer. Id. at ¶ 46. Meanwhile, R.B. and his classmates continued to sexually harass Doe at school. Id. at ¶ 45. The following year, in May 2017, Doe learned that the images were still circulating online. Id. at ¶ 54. Doe complained to Defendant Fisher, who said she could not help. Id.

On January 30, 2020, Doe commenced this action, alleging Greater New Bedford and the Administrative Defendants' failure to stop the sexual harassment of Doe at Regional High School, despite their actual notice of it, violated Title IX and Doe's rights guaranteed under the United States and Massachusetts constitutions, laws and regulations. Id. at ¶ 65.

## II.     The Discovery Dispute

To obtain facts about what happened after R.B. retrieved the nude photos from Doe's phone and to clarify other witness testimony concerning R.B.'s father's actions in response to the incident, Doe noticed depositions of R.B. and his father. Both witnesses sat for their depositions, but neither could testify to what happened. Doe reports that R.B.'s father testified that he had no memory of the events at issue. Mot. to Compel 2–3 [Doc. No. 45]. During R.B.'s deposition, R.B., who was represented by counsel, refused to answer questions about the allegations in Doe's complaint, asserting his Fifth Amendment right against self-incrimination.

Doe contends that R.B. is no longer in jeopardy of being criminally charged for his involvement in the retrieval and dissemination of Doe's photos because the statute of limitations for brining such charges has expired. Id. at 3–4. Doe seeks an order compelling R.B.'s second deposition and requiring him to answer "all questions which he has previously declined" by

invoking his Fifth Amendment rights. Id. at 1. R.B. opposes the motion, asserting that he remains in jeopardy of federal child pornography charges.

### III. Legal Standard

When a witness invokes Fifth Amendment privilege, the district court must inquire into why, so it can verify the witness does in fact face "substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination" and ensure the witness is not invoking the privilege "on a blanket basis." United States v. Ramos, 763 F.3d 45, 55 (1st Cir. 2014) (quoting Marchetti v. United States, 390 U.S. 39, 53 (1968)) (internal citations omitted). To sustain the privilege, "it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Id. (quoting Hoffman v. United States, 341 U.S. 479, 486-87 (1951)). Assessing this danger "is a determination for the court, not the witness, to make, and [it] is subject to the discretion of the district court." Id. In this inquiry, the court "must be governed as much by . . . personal perception of the peculiarities of the case as by the facts actually in evidence." Id.

To properly invoke Fifth Amendment privilege a witness must "show at the very least that he is faced with some authentic danger of incrimination." United States v. Castro, 129 F.3d 226, 229 (1st Cir. 1997); United States v. Pratt, 913 F.2d 982, 990 (1st Cir. 1990). While a speculative fear of prosecution alone is insufficient, id., "the prospective witness need only limn some reasonable possibility that, by testifying, he may open himself to prosecution," United States v. Castro, 129 F.3d at 229. "[T]his is not a particularly onerous burden." Id. Moreover, even where responsive testimony is not directly incriminating, the privilege still attaches where a witness's answer "will tend to sculpt a rung in the ladder of evidence leading to prosecution." Id.

4

## IV. Discussion

The question before the court is whether R.B. is entitled to Fifth Amendment privilege as to questions related to his actions as alleged in the complaint.

Here the parties agree that under Massachusetts law, the statute of limitations is six years for the state criminal offenses implicated by the allegations in the complaint and that the latest possible date R.B. could have been prosecuted for those crimes was April 6, 2022. See G.L.c. 277, § 63. Accordingly, as to any Massachusetts state law causes of action, R.B. is no longer in jeopardy of criminal prosecution and therefore may not invoke Fifth Amendment privilege unless Doe's allegations put him at risk of future federal prosecution.

R.B. contends that the allegations expose him to criminal liability under federal child pornography laws. R.B. contends that this liability constitutes an independent basis for invoking Fifth Amendment privilege. R.B. argues that Doe's allegations could give rise to criminal liability under the three federal statutes criminalizing the possession and distribution of sexually explicit materials involving minors, 18 U.S.C. §§ 1466A, 2252, and 2252A, none of which are limited here by the relevant statutes of limitation. See 18 U.S.C. §§ 3283, 3299.

Doe contends that insufficient evidence exists to support a prosecutor bringing criminal charges, but the allegations in her complaint— that R.B. took naked pictures and a sexually explicit video of a fourteen or fifteen year old Doe off her personal cell phone, without her consent, and disseminated the images over the internet to others—could support criminal liability under federal child pornography laws including 18 U.S.C. §§ 1466A, 2252, and 2252A. Indeed the complaint itself explicitly alleges, in reference to R.B.'s actions, that the "dissemination of any visual material which contains a representation or reproduction of any posture or exhibition in a state of nudity involving a child who is under eighteen years of age, constitutes the crime of

child pornography." Compl. ¶ 35 [Doc. No. 1]. Accordingly, R.B. faces continued criminal exposure for his alleged violation of federal laws against child pornography.

### V.     Conclusion

For the foregoing reasons, Doe's <u>Motion to Compel</u> [Doc. No. 44] is DENIED.

IT IS SO ORDERED.

June 21, 2022                                       /s/ Indira Talwani
                                                    United States District Judge